Okay, the next case is number 09-1140, N. Ray Sones. Mr. Manker. Hi, good morning members. Excuse me. May it please the Court? I represent the appellant in this case, Michael Sones, who has filed a trademark application to register the Mark I Nation under God for charity bracelets. In doing so, the application was published for opposition and allowed, and then Mr. Sones submitted a specimen of use in the form of a website page showing where the product could be ordered. I think the statement of the issue is put most clearly and most succinctly by Judge Hilton in the Land's End case when he says that specimens are invalid for registration purposes only if they constitute mere advertisement. In this case, it's clear that this specimen of use is not a mere advertisement. It's a means for ordering the charity bracelets via the web, which is a common means for ordering products these days. I'm sure your honors do it all the time. Why didn't you just put a picture? At the time, he did not feel that a picture was necessary for this product. It was a charity bracelet that everyone's familiar with, and he simply didn't put a charity bracelet in it. Is this Mark I Nation under God actually imprinted on the charity bracelet or not? It is printed on some. As I understand it, it is printed on some. There's also a second version, which I believe doesn't have anything. It's just a red or blue band. Would that make a difference in terms of the registrability of this Mark? I don't believe so. In many circumstances, for instance, a Mark could be ornamental on a t-shirt or on a hat, but also if it's used on a hang tag or on a different type of specimen, then it's perfectly acceptable as a specimen of use. So maybe that is a factor that the Patent Office would want to consider. I wouldn't believe so because a different specimen that may be a bad specimen, for instance, if you just submitted a t-shirt that had a big Nike Swoosh or 100 Nike Swooshes on it, would that be a trademark? No, that would probably be mere ornamentation, but if the same shirt is submitted and it's just a Nike Swoosh or an IZOD in the upper breast of the t-shirt, that same specimen would be acceptable. But the Patent Office would need to make that determination, would they not? They could. They have the authority to ask the applicant to submit additional documents like a... Well, they did. They asked you to cure it and you didn't. I'm trying to figure out why. Well, it wouldn't be possible to add a... If you'd already used it in commerce, you had one of these with the label One Nation Under God on it, why didn't you just send a picture? You can't do that because the time limit for submitting a specimen to use has to be used at least as early as the end of the allowance period for following the specimen to use. So after that point, you can't go back and then submit a new specimen to use procedurally with the Trademark Office. You can't add it and then re-add it on a Section 1B basis and go back... Am I correct? They gave you a chance to cure the defect. No. Well, it's true. If you had additional specimens that were in use prior to that filing date, you could submit those specimens, but you can't then use a subsequent specimen and add a picture, as you would put it, and then submit a new specimen that was not in use as of that critical date. But it does seem strange. One would think that it would be far more economical just to refile the application rather than going through all of this grand production of an appeal. Well, I believe, Your Honor, that the Board's decision was incorrect and certainly, as a matter of priority, several years have now elapsed between the filing of the intent-to-use application and the point we are at today. So that could be a significant loss of rights to the appellant, having to refile and take his chances again through a publication and going through that process again. And in terms of intervening rights, it's certainly possible. So the question of whether or not it's mere ornamentation or a display associated with the goods, in the Lance Inn decision, Judge Hilton pointed out that the crucial factor is whether it's a point-of-sale location. Now, in this case, we submitted evidence that shows not only the webpage where the mark appears with the description of the goods and a means for ordering, but also the next subsequent page where the actual goods are being ordered and the information is provided and payment is made so that the goods can be delivered to the purchaser. So it's clearly a point-of-sale location. And that's the crucial factor in determining whether a specimen is a mere ornamentation or a display associated with goods. The secondary factor is how the mark is used on the display. In the Lance Inn decision, Judge Hilton says that it can be used in any manner. And if you look at the case law that he cites and also the case law beyond what he cited... But you need to associate the mark with the goods, right? The consumer has to be able to mentally associate the mark with the goods. So how do you do that for a practical matter? In Lance Inn, you had a description and you had a picture of the goods. In that way, with the mark, you were able to associate the mark with the shirt and with the mark. But if you look at the Marriott case, you have a sandwich. In that case, the CCPA specifically said, here's the two specimens that they submitted. It was a specimen that said the ingredients of the sandwich, which were ham, cheese, and tomato. And they also submitted a menu which had the description plus a picture. But the description was essentially an equivalent of a photograph. It fully described the product. Well, in a certain way, yes. But in much the same way, you don't know not all ham, cheese, and tomato sandwiches are identical. There are some that are going to be stacked really high. There are some that are going to be a very good-looking piece of ham, a good-looking piece of American cheese. It could be an infinite variety of sandwiches. You could argue that the description gives you more information than the photograph. I believe so. If you go to McDonald's and you look at the hamburgers that they put up on their menu, that's not what you get when you get the hamburger that comes in the rat case. Pictures can often lie. Whereas descriptions are very accurate and very factual. Well, the description here is not very specific. It's just a generic statement charity bracelet. Well, it also says that Is that made out of metal? Is it made out of string? What's a charity bracelet? The evidence that the appellant submitted during the prosecution of the charity bracelets are these silicone bracelets that are typically imprinted with messages. So the evidence of record shows that it's common knowledge what a charity bracelet is. I believe it is. I believe it is in the same way that everyone knows what a ham, cheese and tomato sandwich is. I don't think there's a conceptual distinction. Or an oil filter or coffee. You generally have an idea of what it is, but you have to have an exact knowledge of what every product is that you're purchasing. I would submit that that's not the case. Well, if it's a tennis ball it all has to be the same thing. It all has to be of a certain dimension, shape and color. But a charity bracelet bracelets are of all different varieties and thicknesses and compositions of material. I'm trying to figure out how you've defined it by just saying charity bracelet. That is accepted in the USPTO's ID manual for these types of goods. And also that as the evidence of record shows this is a commonly understood it's a fad that's very popular to have these charity bracelets. I think it's evolved into a situation where anybody who would be looking for charity bracelets would know exactly what they were purchasing. Am I correct that charity bracelet is an acceptable identification of products according to the USPTO's ID manual? That is correct. Mr. Baker the trademark we know is an indication of origin and quality. Would you help me to understand how this mark indicates its origin? Certainly. The mark is identifying a source, an unknown source but a source of these particular charity bracelets. And it ties into a larger concept that the appellant has for promoting a charitable foundation that he's said. An unknown source of course everything has a source right? So this isn't indicating any Well it's indicating a particular source but it's not indicating that it's Michael Soans. It's not indicating that just in the same way that any trademark doesn't say this is a product from Kraft or this is a product from Philip Morris. It's not a direct link between the mark and the manufacturer. It is indicating that there is a source for these products in much the same way One Nation and God in this case is indicating the source of these charity bracelets. In just about every one of the cases that have dealt with this issue of display associated with goods and whether or not a specimen is mere advertisement it's very rare that you have actual photographs of the goods. It's in Shipley which is a TTAB case They had chemicals at a trade show booth and there were no pictures of the goods in that case the argument is made that somehow Shipley can be distinguished on its facts because it's dealing with chemicals but there's no there's absolutely no mention in Shipley of any requirement that that you have to provide an excuse or show the impracticability of showing a picture of goods. This isn't a coined word and God we trust is already a phrase that's been heard before and there is a trademark registration for One Nation and God for fireworks owned by a different entity so any phrase any word, any term can serve as a trademark now every word Amazon for instance describes a rainforest in South America but it functions as a trademark when it's applied to books But isn't that the point of the rejection in association with particular goods which association has not been shown No, I believe that respectfully that the refusal is simply that the specimen doesn't meet certain requirements that the trademark office, the Trademark Trial Appeal Board believes are Why do they have such requirements? There's no mention whatsoever in the opinion that the mark is incapable the mark hasn't been refused as being incapable under section 2B of the Trademark Act it lists flags in government edition which are prohibited from registration all marks are registrable but for violations of section 2 of the Trademark Act specifically enumerated situations where certain things that could be trademarks are not trademarks because of statutory prohibition and that would be section 2B but there's no mention in section 2B of One Nation and God Your challenge is to the Patent Office's requirement that there be a photograph in order for a website specimen to be acceptable Absolutely, that's the sole issue that was addressed in the Trademark Trial Appeal Board decision the sole issue here on appeal the cases like Marriott and Shipley I'm sure he's going to tell us the rule doesn't require a picture I'm sorry I'm going to hear in just a minute that the rule does not require a picture it requires an association between the goods and however the mark is described Is there an association in your case? Yes What's the association? The association between the mark and the written description of the goods in the same way But then we have the problem of whether charity bracelet describes anything Right But I believe that Why is it that kind of a double whammy that kills you? Number one you have not pictured something that's easily picturable and number two you have the description you've given is ambiguous at best Well, for dealing with the first issue the the question whether it's ambiguous is certainly definite within the PTO standards because the indisputed evidence of record shows what charity bracelets means to an ordinary consumer so I would submit that that is not an issue for this case and the second issue is whether or not a photograph needs to be submitted needs to be included on a trademark if I submit labels or a tag or a box for a product and has the mark on it, it doesn't have to have a picture in that situation why should it have to have a picture in this situation? It shouldn't the law of trademarks reflect how trademark owners use their marks rather than setting up wooden requirements for okay it has to have these, these and these otherwise we simply can't allow you to register your mark Okay, that's it from the office  Mr. Shaw May I please defer to Thomas Shaw on behalf of the director of the USPTO Section 1 of the Trademark Act requires specimens to enable the USPTO to determine whether the applied form mark functions as a trademark Does the rule require a picture? No, your honor I think the answer is clear that it does not require a picture The case law dealing with website evidence and catalogs, the Lanzane case and the Dell case suggested that a picture is necessary in order for the association for the mark to be associated with the goods but obviously the Marriott case and the Shipley case did not require a picture of the goods We would argue that those cases are different on their facts Why isn't this why isn't this Marriott all over again? He's described it he's associated Well in this case it's different for a number of reasons It's different because the specimens are menus as opposed to a website. You can sell just about anything over the internet these days via a website whereas menus are obviously limited to food products The Marriott case also was limited not limited but the court was more concerned with the TTAB's finding that a close physical association was required so the court had an additional concern there. The goods are very different. Food products sold in a restaurant by definition are hard to label. You can't stamp them with a label whereas here Terry bracelets might be more easily labeled so there are a number of reasons You're making a number of arguments as to how this case distinguishes from the Marriott case but I haven't heard anything that suggests why there is a principal difference in terms of the legal determination of whether there's an association of the mark with the goods. Well the most compelling reason why the cases are different is that the evidentiary record before the court in the Marriott case had extensive showings of how the consumer would see the mark, how they would interact with the sales staff at the restaurant how they would order the goods in many cases in the Marriott case there actually was a picture of the goods on some of the menus although not all so that there was a much stronger evidentiary showing in the Marriott case of how the consumer would order the product and how they would interact In this case we have a bare bones website which is really more in the nature of a price list really because it simply lists Well that's not entirely fair because it has an entry that says One Nation Under God PM underneath that charity bracelet it shows the mark associated with the goods now maybe we can argue about whether charity bracelet is a meaningful information but certainly the mark is shown in association with the goods despite the absence of a photograph and it's used in the context of a website from which a sale can be accomplished so there seems to be no argument about there being a disassociation with the point of sale. Well there are two problems with the specimen. The first is that just merely naming the goods the generic name of the goods doesn't really provide a sufficient association for the consumer they don't know what's on the goods for example whether the term appears on the goods. They don't really have much information about the goods. Well let me ask you in that sense that what if this exact specimen this portion of the website page was printed out that says One Nation Under God PM underneath charity bracelet and that was used as the label on a box containing these goods and that was submitted as a specimen to show the trademark as used in that way not on the website but the products are sold the regular way in boxes and they have these labels. Would the patent office refuse to accept that specimen? If they were submitted on a container for the goods as I think you're saying, the office would probably consider them acceptable specimens but the office would have no information whatsoever as to what they are what kind of charity bracelet it is, what its shape is, whether it contains the mark whether it doesn't that's all irrelevant in that context but somehow it's relevant in this context. Well it is and the reason the office would allow it is even if it did allow those specimens it might under rule 2.61 still inquire from the products and whether the term appears on it Sure, but you can do that in this case as well can you not? Well we could but since the purpose of specimens is to show whether or not it functions as a trademark by issuing the refusal and suggesting to the applicant that they submit photographs for example of the goods the office is essentially doing the same thing because that's where the purpose of specimens and for us to accept specimens that don't do that and then to turn around and require additional evidence kind of ignores the whole point of specimens. But you do have some sort of a rule that when it comes to website a photograph is necessary is that right? Yeah well that's our interpretation of the Lands End case and the Dell case and our trademark manual examining procedure  rephrases those tests. But isn't that greater correct that the rule is not whether a photograph is submitted the rule is whether there's an association with the good. That's correct. Is the trademark used in a way that in a manner to provide an association with the goods and shouldn't that be your rule rather than a hard and fast rule with respect to photographs in each and every case just because it's used on a website page. Well if the applicant had provided sufficient information to show sort of in the totality of the evidence that is how the consumer might have reacted with the sales staff or something about the nature of the way the products are sold then the office might have accepted it. But here this is bare bones. What you're saying is very strange. It seems to me when you look at the description of goods in any trademark application it's just a general statement. Women's dresses and then there's the trademark. Whatever it might be a bond would tell her that you seem to be asking for details which are not part of the purpose of trademarks. The purpose of a trademark is to show the origin of particular goods as an indication of the quality a designation of source. When you say something as bracelets or bracelets with or without charity it seems to me that that is as general a description as one sees in the trademark classification. You're not saying it's something any narrower than charity bracelets but what I still remain curious about is the position of the office that this phrase, well known phrase is without question an indication of origin an indication of quality the purposes of trademarks. The office I gather has no trouble with that. Is that right? It can function as a trademark in certain instances yes, but if it's used in an ornamental manner merely imprinted across the bracelet then the office would say that it's ornamental and fails to function as a trademark. Because it's ornamental? Because it's ornamental, yes. But the office has not made that inquiry or that rejection in this case correct? Yes, because we consider that to be what we call a specimen based refusal in order to make the refusal we have to be able to see the goods to see that it's merely imprinted across it. An applicant by submitting a specimen that says photo not available denies the office the opportunity to examine whether or not that's an ornamental mark. If I want to sell a tennis ball on the internet do I have to have a picture? I want to start my own new Raider tennis balls over the internet marked with Raider right on the ball but do I have to have a photo of the tennis ball? Ideally yes, we would like to see it or in failing that Why doesn't that run contrary to the cases that clearly say you don't need a photograph when it's very clearly you can associate the goods with the mark and I'd put my Raider mark and I would say tennis ball marked Raider Why doesn't that adequately describe the goods and associate my mark with the goods? In that case it might And you know the source There's less likelihood that the office would be concerned about an ornamental refusal or a trade name refusal You might get a surname refusal but that really wouldn't be a specimen driven refusal But you're requiring a picture whenever there's internet That seems a little strange Everything can be sold over the internet The problem with these specimens for the office But a tennis ball is pretty clear isn't it? A tennis ball is certainly clearer than ornamental charity prices The problem with these specimens from the office's point of view is if you take the term One Nation Under God and substitute something like War and Peace which might be sold over Amazon.com all of a sudden you have transformed for example in the Amazon instance every title that Amazon.com sells becomes a trademark under this standard because you have the title of a book on a website, you might say paperback versus hardcover and all of a sudden that website becomes an avenue for Amazon to sell every book that they own as a trademark and just merely naming the product and giving the genus doesn't give the office the ability to do the determination as to whether or not it functions as a trademark But I could understand that point if that was the issue raised in the prosecution of this case but that was not what was discussed. It was simply the absence of a photograph. There was no other, it was just that specimen doesn't matter it's not acceptable. Why? Because it doesn't meet the standard that the Trademark Office has adopted following Land's End and Dell. Well the photograph was the failing Your Honor, but if you look at the decision on page 9 of the decision for example, the DTAB actually said at the very end of their decision and therefore the specimen is not It was a conclusion but the basis was, you know, we find the specimen does not satisfy the criteria because one, it doesn't include a picture and it doesn't show the marks officially near the picture to associate the mark with the goods. It was all based on the absence of a picture Correct, and it was that association that the board when they looked at the facts of the case which was essentially the specimen and some of the internet articles talking about charity bracelets, found that the association was insufficient without a picture I mean, what if this specimen was a display card on a rack in a store and in that rack were a bunch of plain brown boxes no labels, no writing at all but just a bunch of plain brown boxes with charity bracelets and they're all stacked up there and there's the sign One Nation Under God, PM charity bracelets 1995 They would certainly be closer, your honor Wait, wait, wait What's the difference between that I'd suspect you would accept that specimen We probably would, your honor There's no photograph and there's no way in which you can make the determination of whether it functions as a mark, it's that all the things you were arguing, there's no way in which you can assess them under those circumstances, but I suspect you would accept that specimen Why? Because there's no rule that prohibits that kind of a specimen in the context of a point of sale display but somehow there is a rule with websites and I'm trying to decide why there is such a rule I think it goes to the nature of the website relationship where you just don't get much information on the applicant's website about the product In your instance, with the display and the more traditional display associated with the goods, the office might accept the specimen as a specimen of use, but then under rule 2.61 might require additional evidence from the applicant as to whether or not it's ornamental But you can do that in this case as well. Well, we could have but we felt it wasn't necessary since we had the case law from the district court and from the TTAB saying that a photograph is generally required in these website submissions You're not helping me make a distinction here. I'm having a lot of difficulty because you're not directly addressing the point I'm making. You're deflecting it every time in terms of, well, in that case we would ask for more information In both Well, in this case I'm not trying to be difficult I'm just trying to find out why there should be a principle difference here because we have to make that decision. Well, the issue was actually very similar to the New York State case, Dan, I'm Good where the specimens were used on a Charity Bison and the court in that decision looked carefully at different possibilities that might be acceptable and found that in that case based on that evidentiary showing that they were I think that's entirely legitimate and the office would have a reason to do that Can I make sure I understand is the patent office saying that for every internet marketing use you have to have a picture Is that the rule you are impressing upon us? What we are saying is that I need a yes or no on that Is your rule that you need a picture in order to have adequate association with an internet marketed goods We would say no with the following caveat if I may your honor and that is that if there is something about the website that adequately gives you the source identifying trademark function that shows that that particular Show us in the record what you rely on is your rule In this case we are relying on Lanz and the Dell case for the premise that you need a picture and a description. In this case the description is so wanting, nothing more than the generic name of the goods, that the picture is really necessary in this case So to understand the point is that the description is too broad, charity bracelets Yes Is that the problem? There isn't enough information for the office to make that association What else would you like to add to charity bracelets that would have solved this problem? A further description of the goods, how the mark appears on the goods, information about the particular phrase perhaps, what it means, what the bracelets are made of, things like that simply more information your honor Information of a sort that again is not included in the classifications, is not ordinarily needed but because this is sold over the internet the goods need to be described more specifically, or are you looking for a narrower description rather than specificity We would look for a description that would allow us to determine that this mark functions as a trademark to identify the source of the goods So they say it's a charity bracelet made of silicone wire, twined around four inches of something that would solve the problems to the source? It would certainly help, I'm at a loss hypothetically to say I don't understand how it would help as to the source Well it would provide more information In this case, the fundamental problem with this case is that this is a commonly used patriotic phrase, that the office is concerned serves a merely You didn't say that So don't we send it back to you and tell you, do it right this time, don't tell us you've got to have a picture, because that's not the rule you said that's not the rule You've got to make clear what the rule really is don't you? No, because we think that the TTAB had enough evidence before to say that there was no association between the mark and the particular goods in this case You're not telling us because it's a commonly used phrase more is needed than otherwise, but I don't see that anyways in the prosecution Well the applicant, the office did suggest that the applicant submit other evidence, labels, tags But you didn't say because this is a commonly used phrase No, your honor, they did not because they were mainly concerned with getting good specimens to begin with, and then make the determination But Mr. Shaw, this is going to be looked at by everybody Internet marketing is big these days, and you're saying well yes you have to have a picture and no you don't have to have a picture maybe you need to go back and make the rule clear then we can affirm that rule and all the internet marketers will know exactly what they have to do to secure their source denoting mark Maybe isn't that the best course for us? Affirming the board would affirm the Affirming the board is affirming a picture rule, as you've articulated it to us, which isn't the rule you've told us. Well it's not the rule because there are cases like Marriott and the Shipley case which we can't ignore Maybe we need to make that clear at the outset of trademark marketing intent to use the confluence of all those rather murky ideas We would posit that simply affirming the board would do the trick, because there's plenty of case law in the Dell case and in the Lanzan case that says that pictures are required. Thank you Mr. Shaw. Mr. Maker Your Honor, I just want to make one point and that is that neither Lanzan or Dell set the demarcation line for what is an acceptable specimen and what's not an acceptable display associated with goods. They're merely saying in these instances these are acceptable. They're not saying these are the factors that they must have. Otherwise it would be inconsistent with Shipley and Marriott and at no point has either of these cases overturned those cases or even attempted to distinguish them on the facts. Okay. Thank you. We have it in line. Thank you Mr. Maker and Mr. Shaw. Case is taken under submission.